785 F.2d 307
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PATRICIA AYRES, SHERYLL STULTZ, ADA LaPLAUNT, MILDRED WILEY,
and OAKLAND COUNTY WELARE RIGHTS ORGANIZATION, on
behalf of themselves and all other
similarly situated, Plaintiffs-Appellants
v.
JOHN DEMPSEY, Director of the Michigan Department of Social
Services; and THE MICHIGAN DEPARTMENT OF SOCIAL
SERVICES, a State Agency; Defendants-Appellees.
 84-1640
 United States Court of Appeals, Sixth Circuit.
 1/28/86
 
 Before: MARTIN and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this certified class action proceeding, the plaintiffs challenge the Michigan Department of Social Services policy that has denied them benefits under the Aid to Families with Dependent Children, AFDC, program while their children are in a Michigan Department of Mental Health facility or a child caring institution. The district court denied the plaintiffs' motion for summary judgment and granted the summary judgment motion of the Michigan Department of Social Services and its director.
 
 
 2
 The AFDC program is a jointly funded federal-state welfare program administered pursuant to Title IV-A of the Social Security Act, 42 U.S.C. Secs. 601-615. The purpose of the Act is to encourage
 
 
 3
 the care of dependent children in their own homes or in the homes of relatives by enabling each State to furnish financial assistance and rehabilitation and other services, as far as practicable under the conditions in such State, to needy dependent children and the parents or relatives with whom they are living . . ..
 
 
 4
 42 U.S.C. Sec. 601. A family may receive AFDC grants if a needy child is living in the home. Through regulation, the U.S. Department of Health and Human Services has stated that a home exists 'so long as the relative exercises responsibility for the care and control of the child, even though either the child or the relative is temporarily absent from the customary family setting.' 45 C.F.R. 233.90( )(1)(v)(B). The federal government has not defined 'temporarily absent' for purposes of the AFDC program.
 
 
 5
 In 1980, the Michigan Department of Social Services published a definition of 'temporarily absent' in its Assistance Payments Manuel. The manual states:
 
 
 6
 A temporarily absent person is considered to be in the home for purposes of ADC eligibility.
 
 
 7
 The absence of an ADC group member is TEMPORARY if:
 
 
 8
 1. the location of the absent person is known, and
 
 
 9
 2. there is a definite plan for the return of the absent person to the home, and
 
 
 10
 3. the absent person shared the home with the ADC group prior to the onset of the absence (newborn and unborn children are considered to have lived with the ADC group), and
 
 
 11
 4. the absence has lasted or is expected to last for 30 days or less unless the person is hospitalized or away from home for training or education.
 
 
 12
 Persons who are in the following placements are NEVER considered temporarily absent:
 
 
 13
 Nursing home providing skilled or intermediate care;
 
 
 14
 Special MR nursing home certified by the Department of Public Health;
 
 
 15
 Department of Mental Health facility, providing active psychiatric care or a facility for the mentally retarded providing ICF/MR nursing care;
 
 
 16
 County medical care facility providing skilled or intermediate care;
 
 
 17
 Hospital long term care unit;
 
 
 18
 Alternative Intermediate Services (AIS) Home;
 
 
 19
 Home for the Aged;
 
 
 20
 Adult foster care facility;
 
 
 21
 Child caring institution (including Departmental Training Schools);
 
 
 22
 Licensed child foster care home.
 
 
 23
 Private mental health facility.
 
 
 24
 (emphasis in original).
 
 
 25
 The plaintiffs who brought this action all have children in mental health facilities or child caring institutions and were denied AFDC benefits by the State of Michigan. The proof established that each of the named plaintiffs had children that visited them on weekends subsequent to placement in an institution. In denying the plaintiffs standing to challenge the first half of the 'temporarily absent' definition of the policy manual, the district court noted, 'Nothing in the record indicates that the children of the four named plaintiffs were found ineligible as a result of their absence from the home for more than thirty days.' The plaintiffs, then, are representatives of the people in the Department of Mental Health facility and child caring institution categories. We will consider here only those parts of the Michigan policy that pertain to these plaintiffs. Here the plaintiffs argue the Michigan policy is contrary to the Social Security Act and violates their rights to due process and equal protection under 45 C.F.R. 233.10 and the fourteenth amendment. To decide the case in its present posture, we need not consider these arguments.
 
 
 26
 The Michigan policy in the Assistance Payments Manual is internally inconsistent on its face and therefore invalid. In the first half of the definition, the Department states four criteria for determining if an absence is temporary, including if 'the absence has lasted or is expected to last for 30 days or less.' In the second half of the definition, it summarily excludes persons simply for being placed in certain institutions, regardless of whether they meet the four criteria to determine a temporary absence. The policy gives no indication which section is to have precedence. In the present case, the plaintiffs arguably qualify as 'temporarily absent' under the listed criteria but would be excluded under the categorical exclusions for mental health facilities and child caring institutions. The manual does not explicitly state whether the first part of the definition or the categorical exclusions should be applied to these plaintiffs.
 
 
 27
 We recognize that a state's resources are not unlimited and there must be a fixed standard to determine the eligibility for AFDC. However, here Michigan has chosen to draw the lines in an internally inconsistent manner. The district court's judgment is vacated and the categorical exclusions for people in Department of Mental Health facilities and child caring institutions are stricken. We have no occasion to rule in this case on the balance of the exclusions as they are not before us, and plaintiffs have no standing to challenge them.
 
 
 28
 The judgment is reversed.